UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------x
:
SAMPO IP, LLC,                                           :       C.A. No. _____
:
                             Plaintiff,                  :
:
           v.                                            :
:
                                                         :       JURY TRIAL DEMANDED
TWITTER, INC.,                                           :
:
                             Defendant.                  :
:
---------------------------------------------------------------------------x

**Complaint for Patent Infringement**

Plaintiff, Sampo IP, LLC ("Sampo") alleges the following for its complaint of patent infringement against Twitter, Inc. ("Twitter" or "Defendant"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Plaintiff seeks a judgment of infringement by Defendant of United States Patent No. 6,161,149 (the "'149 Patent") and United States Patent No. 6,772,229 (the "'229 Patent") (collectively, the "Patents-in-Suit") as well as a permanent injunction of the infringing activity pursuant to 35 U.S.C. § 283, and such other relief as the Court deems just and proper.

**The Parties**

1.     Plaintiff Sampo is a Virginia limited liability company with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.     On information and belief, Defendant Twitter is a Delaware corporation with its principal place of business at 1355 Market Street, Suite 900, San Francisco, California 94103. Twitter has appointed Incorporating Services, Ltd., 3500 S. DuPont Highway, Dover, Delaware 19901, as its agent for service of process.

**Jurisdiction and Venue**

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

5. Upon information and belief, Twitter conducts substantial business in Delaware, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.  Further, this Court has personal jurisdiction over Twitter because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**The Patents-In-Suit**

7. Sampo is the owner by assignment of the '149 Patent, entitled "Centrifugal Communication and Collaboration Method," which the United States Patent & Trademark Office duly issued on December 12, 2000.  A true and correct copy of the '149 Patent is attached hereto as Exhibit A.

8. Sampo is the owner by assignment of the '229 Patent, entitled "Centrifugal Communication and Collaboration Method," which the United States Patent & Trademark Office duly issued on August 3, 2004.  A true and correct copy of the '229 Patent is attached hereto as Exhibit B.

**Factual Background**

9. The inventions of the Patents-in-Suit are applicable to, among other things, transmitting, receiving and distributing information among peripheral computing devices using a central agent. The central agent selectively pushes notices to peripheral devices, allowing peripheral devices to access certain information. The inventions facilitate asynchronous collaboration among participants, and allow certain participants to receive certain information while preventing other participants from receiving the information.

10. For example, and without limitation, the inventions of the Patents-in-Suit are applicable to a central agent that receives information from and transmits information to peripheral computing devices of members of a group. The central agent receives information from a computing device of a first member of a group, the information indicating to which other members certain information is relevant. The central agent then sends a notice to only the selected members, and allows access to information to only those selected members. Similarly, the central agent may receive additional information from another member of the group, the information indicating to which other members certain information is relevant. The central agent then sends a notice only to the selected members, and allows access to information to only those selected members.

11. For another example, without limitation, the inventions of the Patents-in-Suit are applicable to a central agent that receives information from and transmits information to peripheral computing devices of participants in a distributed application. The central agent receives information from a computing device of a first participant, the information indicating to which other participants certain information is relevant. The central agent then sends a notice to only the selected participants, and allows access to information to only those selected

participants. Similarly, the central agent may receive additional information from another participant, the information indicating to which other participants certain information is relevant. The central agent then sends a notice to only the selected participants, and allows access to information to only those selected participants.

## Twitter's Infringing Products and Methods

12. Twitter provides web based products and services. Twitter's revenues are attributed to, among other things, display advertising and fee-based services.

13. Upon information and belief, Twitter's products, include, without limitation, online communication systems that offer a distributed discussion group whereby the users of such systems, via a network of computing devices linked by a network, are able to communicate with one another using such computing devices. The computing devices include computers, mobile devices and cellular telephones and are capable of transmitting and receiving information.

14. The system has a central agent (e.g., Twitter server system) that can receive information from, and transmit information to, the users' computing devices. The central agent pushes notices to selected users. The users' computing devices are linked or networked to the Twitter central agent.

15. By way of example, to facilitate communication within a group, information communicated between users can be used to send messages either to all members of the group or to a set of members within the group. A first user is able to input information into the first user's computing device. Twitter's system will, based upon the information provided by the first user, generate a notice to a second user and allow the second user to access information (e.g., tweets) from the first user. A second user is able to input information intended for a third user into the second user's computing device. Twitter's system will, based upon the information provided by

the second user, generate a notice to a third user and allow the third user to access to the information from the second user.

## COUNT I: INFRINGEMENT OF THE '149 PATENT

16. Plaintiff incorporates paragraphs 1-15 herein by reference as if set forth here in full.

17. Upon information and belief, Twitter has been and is currently directly infringing one or more claims of the '149 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the aforementioned online communication system. Without limitation, and by example only, Twitter directly infringes and continues to directly infringe at least claim 1 of the '149 Patent by making, selling, using and offering for sale at least the aforementioned online communication system. Additionally, Twitter directly infringes and continues to directly infringe at least claim 14 of the '149 Patent by making, using, selling, and offering for sale at least the aforementioned online communication services.

18. Twitter also directly infringes one or more claims of the '149 Patent by directing and/or controlling its employees, executives, users, agents, affiliates, suppliers and customers to use the aforementioned online communication system within the United States.

19. Twitter also directly infringes one or more claims of the '149 Patent by providing a website for users and/or providing applications that are downloadable on peripheral computing devices, thus putting the aforementioned online communication system into use.

20. By using the methods claimed in the '149 Patent and by making and/or using the aforementioned online communication system, Twitter has been and is now directly infringing under 35 U.S.C. § 271 one or more claims of the '149 Patent, either literally or under the doctrine

of equivalents.

21. Upon information and belief, upon knowledge of the '149 Patent (at least since the filing date of this Complaint), Twitter is contributing to the infringement of the '149 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale Twitter's aforementioned online communication system and services that constitutes infringement of at least claims 1 and 14 of the '149 Patent.  For example, to the extent that any claim is construed to require a system, Defendant provides components, including downloadable software applications, for use in networked systems, which facilitate online notifications and communications.  Twitter knows that such products constitute a material part of the inventions of the '149 Patent, knows those products to be especially made or adapted to infringe the '149 Patent, and knows that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Twitter knows that by providing such components to its customers, its customers will infringe at least one claim of the '149 Patent, and Twitter knows that its customers do infringe the '149 Patent.

22. By contributing to its customers', suppliers', agents', users' and affiliates' use of the methods claimed in the '149 Patent and their making and/or using the aforementioned online communication system, Twitter has been and is now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '149 Patent, either literally or under the doctrine of equivalents.

23. Upon information and belief, upon knowledge of the '149 Patent (at least since the filing date of this Complaint), Twitter is inducing infringement of the '149 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, users,

agents and affiliates to make, use, sell and/or offer for sale Twitter's aforementioned online communication system and services in a manner that constitutes infringement of one or more claims of the '149 Patent, knowing that such activities infringe at least one claim of the '149 Patent, and with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials. For example, Twitter provides users with applications and instructions as to how to operate Twitter's products and how to send and receive online communications.[1]

24. To the extent that Twitter's customers can be considered to put the aforementioned online communication system into use, then Twitter would also be inducing infringement of the '149 Patent by, among other things, knowingly and with intent (at least since the filing date of this Complaint), actively encouraging its customers to make and use Twitter's aforementioned online communication system in a manner that constitutes infringement of one or more claims of the '149 Patent, knowing that such activities infringe at least one claim of the '149 Patent, and with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials. For example, Twitter provides users with applications and instructions as to how to operate Twitter's products and how to send and receive online communications.

25. By inducing its customers', suppliers', users', agents' and affiliates' use of the methods claimed in the '149 Patent and their making and/or using the aforementioned online

---

[1] *See, for example,* https://support.twitter.com/groups/52-connect; https://support.twitter.com/groups/52-connect/topics/211-tweeting/articles/119138-types-of-tweets-and-where-they-appear; https://support.twitter.com/groups/54-mobile-apps.

communication system, Twitter has been and is now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '149 Patent, either literally or under the doctrine of equivalents.

26. As a result of Twitter's unlawful infringement of the '149 Patent, Sampo has suffered and will continue to suffer damages. Sampo is entitled to recover from Twitter the damages adequate to compensate for such infringement, which have yet to be determined.

27. Twitter will continue to infringe the '149 Patent unless and until it is enjoined by this Court.

28. Twitter, by way of its infringing activities, has caused and continues to cause Sampo to suffer damages in an amount to be determined at trial. Sampo has no adequate remedy at law against Twitter's acts of infringement and, unless Twitter is enjoined from its infringement of the '149 Patent, Sampo will suffer irreparable harm.

## COUNT II:  INFRINGEMENT OF THE '229 PATENT

29. Plaintiff incorporates paragraphs 1-28 herein by reference as if set forth here in full.

30. Upon information and belief, Twitter has been and is currently directly infringing one or more claims of the '229 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the aforementioned online communication system.  Without limitation, and by example only, Twitter directly infringes and continues to directly infringe at least claim 1 of the '229 Patent by making, selling, using and offering for sale at least the aforementioned online communication system. Additionally, Twitter directly infringes and continues to directly infringe at least claim 22 of the '229 Patent by making, using, selling, and offering for sale at least the aforementioned online

communication services.

31. Twitter also directly infringes one or more claims of the '229 Patent by directing and/or controlling its employees, executives, users, agents, affiliates, suppliers and customers to use the aforementioned online communication system within the United States.

32. Twitter also directly infringes one or more claims of the '229 Patent by providing a website for users and/or providing applications that are downloadable on peripheral computing devices, thus putting the aforementioned online communication system into use.

33. By using the methods claimed in the '229 Patent and by making and/or using the aforementioned online communication system, Twitter has been and is now directly infringing under 35 U.S.C. § 271 one or more claims of the '229 Patent, either literally or under the doctrine of equivalents.

34. Upon information and belief, upon knowledge of the '229 Patent (at least since the filing date of this Complaint), Twitter is contributing to the infringement of the '229 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale Twitter's aforementioned online communication system and services that constitutes infringement of at least claims 1 and 22 of the '229 Patent. For example, to the extent that any claim is construed to require a system, Defendant provides components, including downloadable software applications, for use in networked systems, which facilitate online notifications and communications. Twitter knows that such products constitute a material part of the inventions of the '229 Patent, knows those products to be especially made or adapted to infringe the '229 Patent, and knows that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use. Twitter knows that by providing such components to its customers, its customers

will infringe at least one claim of the '229 Patent, and Twitter knows that its customers do infringe the '229 Patent.

36. By contributing to its customers', suppliers', agents', users' and affiliates' use of the methods claimed in the '229 Patent and their making and/or using the aforementioned online communication system, Twitter has been and is now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '229 Patent, either literally or under the doctrine of equivalents.

36. Upon information and belief, upon knowledge of the '229 Patent (at least since the filing date of this Complaint), Twitter is inducing infringement of the '229 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, users, agents and affiliates to make, use, sell and/or offer for sale Twitter's aforementioned online communication system and services in a manner that constitutes infringement of one or more claims of the '229 Patent, knowing that such activities infringe at least one claim of the '229 Patent, and with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials. For example, Twitter provides users with applications and instructions as to how to operate Twitter's products and how to send and receive online communications.[2]

37. To the extent that Twitter's customers can be considered to put the aforementioned online communication system into use, then Twitter would also be inducing infringement of the '229 Patent by, among other things, knowingly and with intent (at least since

---

[2] *See, for example,* https://support.twitter.com/groups/52-connect; https://support.twitter.com/groups/52-connect/topics/211-tweeting/articles/119138-types-of-tweets-and-where-they-appear; https://support.twitter.com/groups/54-mobile-apps.

the filing date of this Complaint), actively encouraging its customers to make and use Twitter's aforementioned online communication system in a manner that constitutes infringement of one or more claims of the '229 Patent, knowing that such activities infringe at least one claim of the '229 Patent, and with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.  For example, Twitter provides users with applications and instructions as to how to operate Twitter's products and how to send and receive online communications.

38.     By inducing its customers', suppliers', users', agents' and affiliates' use of the methods claimed in the '229 Patent and their making and/or using the aforementioned online communication system, Twitter has been and is now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '229 Patent, either literally or under the doctrine of equivalents.

39.     As a result of Twitter's unlawful infringement of the '229 Patent, Sampo has suffered and will continue to suffer damages.  Sampo is entitled to recover from Twitter the damages adequate to compensate for such infringement, which have yet to be determined.

40.     Twitter will continue to infringe the '229 Patent unless and until it is enjoined by this Court.

41.     Twitter, by way of its infringing activities, has caused and continues to cause Sampo to suffer damages in an amount to be determined at trial.  Sampo has no adequate remedy at law against Twitter's acts of infringement and, unless Twitter is enjoined from its infringement of the '229 Patent, Sampo will suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Sampo respectfully requests that this Court enter judgment in its favor as follows:

    A.    Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Patents-in-Suit;

    B.    Holding that Defendant has indirectly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Patents-in-Suit;

    C.    Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

    D.    Permanently enjoining the use of the online communication products created or used according to the patented methods of the Patents-in-Suit;

    E.    Awarding to Sampo the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

    F.    Declaring this to be an exceptional case and awarding Sampo's attorneys' fees under 35 U.S.C. § 285;

    G.    Awarding Sampo costs and expenses in this action;

    H.    Awarding Sampo pre- and post-judgment interest on its damages; and

    I.    Awarding Sampo such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Sampo, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.


Dated: April 7, 2014                                    Respectfully submitted,

                                                        FARNAN LLP

                                                        /s/ Brian E. Farnan
Of Counsel:                                             Brian E. Farnan (Bar No. 4089)
                                                        Michael J. Farnan (Bar No. 5165)
Mark S. Raskin                                          919 North Market Street
Robert A. Whitman                                       12th Floor
Mishcon de Reya New York LLP                            Wilmington, DE 19801
750 Seventh Ave, 26th Floor                             (302) 777-0300
New York, New York 10019                                (302) 777-0301
Telephone (212) 612-3270                                bfarnan@farnanlaw.com
Facsimile (212) 612-3297                                mfarnan@farnanlaw.com

                                                        *Attorneys for Plaintiff Sampo IP, LLC*